IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-90000 (MXM) |
| | § | |
| ROCKALL ENERGY | § | |
| HOLDINGS, LLC, et al., | § | (Chapter 11) |
| | § | |
| **Debtors** | § | |
| | § | |
| | § | Adversary No. 23-09003-mxm |
| TALCO PETROLEUM LLC and | § | |
| WHITE MARLIN OPERATING | § | |
| CO., LLC | § | |
| | § | |
| **Plaintiffs** | § | |
| v. | § | |
| | § | |
| FORMENTERA PARTNERS | § | |
| FUND I, LP | § | |
| | § | |
| & | § | |
| | § | |
| U.S. SPECIALTY INSURANCE | § | |
| CO., | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT FORMENTERA PARTNERS
FUND I, LP'S RULE 12(B)(6) MOTION TO DISMISS**

Talco Petroleum LLC and White Marlin Operating Company LLC ("Plaintiffs") file this Response to Formentera Partners Fund I LP's ("Formentera") Rule 12(b)(6) Motion to Dismiss and respectfully request this Court to deny Formentera's Motion for the following reasons.

## I.   INTRODUCTION

The alleged facts in the Complaint are more than sufficient to state a plausible claim for relief and provide Defendants with fair notice of the issues, and the Court must accordingly deny Formentera's Motion. Formentera's Motion, while titled as a motion to dismiss for failure to state a claim, does not even attempt to address the *sufficiency* of the facts pleaded in the Plaintiffs'

Complaint. Instead, Formentera tries unsuccessfully to create an inaccurate "straw man" argument regarding Plaintiffs' claims by attempting to introduce new facts, and arguing for an incorrect interpretation in what is essentially a hybrid between a Motion to Dismiss and a Motion for Summary Judgment.[1] Formentera's Motion should be denied.

## II.    LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court may grant a motion to dismiss for failure to state a claim if and only if the complaint fails to adequately state a plausible claim for which relief may be granted. FED. R. CIV. P. 12(b)(6). A court is "required to accept as true all well pleaded facts" and to construe the complaint "liberally in favor of the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). When evaluating a motion to dismiss, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Birmingham Bd. of Educ.*, 644 U.S. 167, 184 (2005). "A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter*, 244 F.3d 496, 498 (5th Cir. 2000) (internal citation omitted).

## III.    ARGUMENT

The allegations and reasonable inferences of Plaintiffs' Complaint unequivocally constitute a short and plain statement demonstrating Plaintiffs' entitlement to relief against

---

[1] For example, Formentera attached Exhibit 2, "Formentera Indemnity Agreement," dated May 24, 2022, to its filing (Doc. 14-2). Despite Formentera's claim that the document is referenced in the Complaint (Formentera Motion, fn. 6), there is no such reference; the Complaint merely quotes the Bankruptcy Order for the proposition that "Formentera 'agreed to execute *new* Payment and Indemnity Agreements with USSIC.'" Complaint para 20 (emphasis added). Exhibit 2 is not part of the underlying bankruptcy record nor is it a public record, and thus Plaintiffs object to its inclusion to prevent Formentera's Motion from being considered as a Motion for Summary Judgment. *See In re Stangel,* 222 BR 289, 291-292 (Bankr. N.D. Tex. 1998) (limiting materials other than the pleadings that may be considered to "materials submitted as part of the complaint, items in the record, and public record."); *see also In re Kelso*, 196 B.R. 363, 366 (Bankr. N.D. Tex. 1996) (holding that absent an objection to consideration of extraneous documents, the motion to dismiss would be considered as a motion for summary judgment). Should the Court consider Formentera's Motion as a Motion for Summary Judgment, Plaintiffs request the opportunity to brief the issues in full under the summary judgment standard.

2

Formentera, and the Court must accordingly deny Formentera's Motion. FED. R. CIV. P. 8, 12(b)(6). As set forth below, Formentera's Motion ignores the appropriate standard and does not even address the sufficiency of Plaintiffs' Complaint, choosing instead to argue the merits of Plaintiff's claim. Even then, Formentera is mistaken, as the Complaint and the underlying record make clear that Formentera assumed responsibility for the Disputed Bonds.

**A.      Formentera's Motion Does Not Address the Sufficiency of Plaintiffs' Complaint.**

The purpose of a motion to dismiss is to attack the sufficiency of the pleadings against a party, specifically whether the pleadings support a plausible claim for relief against that party. FED. R. CIV. P. 8, 12(b)(6). Rather than fulfill this purpose, Formentera's Motion instead provides its own characterization of the facts and does not once attack the actual sufficiency of the Complaint, aside from the occasional vague accusation of "conclusory allegations and legal conclusions." (*See, e.g.*, Br. at 1 (unsupported accusations), ¶¶ 1–17 (arguing to recharacterize facts)).

This alone should doom Formentera's motion, but Formentera attempts to salvage its Motion by claiming that that "even if all of the factual allegations in the Complaint were true, the Plaintiffs would not be entitled to relief against Formentera." (Br. at 2). Despite this conclusory statement, Formentera does not actually support this argument anywhere in its briefing. (*See generally*, Br. at 10–12). This is unsurprising, as the factual allegations in the Complaint make clear Plaintiffs are entitled to relief against Formentera. (*See* Compl. ¶¶ 18, 25, 29–30 (demonstrating a judiciable controversy between parties)). But more importantly, at this stage, when considering the Complaint in a light most favorable to Plaintiffs, Formentera cannot show that Plaintiffs failed to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

B.  **Plaintiffs' Complaint States a Viable Claim Upon Which Relief Can Be Granted.**

Contrary to Formentera's Motion, Plaintiffs' claim against Formentera and its supporting facts are easily ascertained from the Complaint: Plaintiffs allege that Formentera is responsible for the five Disputed Bonds (Compl. ¶ 25); that Defendant U.S. Specialty Insurance Co. ("USSIC") failed to differentiate between bonds owned by Plaintiffs and by Formentera (Compl. ¶¶ 23–24); that USSIC wrongfully attempted to collect payment from Plaintiffs on the Disputed Bonds, rather than from Formentera (Compl. ¶¶ 23, 26); and that "[a]n actual legal and substantial controversy exists between the parties regarding responsibility for the Disputed Bonds" that entitles Plaintiffs to a declaratory judgment resolving the controversy (Compl. ¶¶ 27, 29–31). These allegations alone are sufficient for the Complaint to survive a motion to dismiss. *See Emps. Mut. Cas. Co. v. New Horizon Prod., LLC*, No. 1:09CV958, 2010 WL 11527385, at *1 (E.D. Tex. May 18, 2010) (holding a complaint that demonstrates a court may afford relief under the Declaratory Judgment Act as being adequate to survive a challenge under Rule 12(b)(6)).

Here, a declaratory judgment action is appropriate for establishing rights, status, or other legal relations, provided there is a justiciable controversy about the rights and status of the parties and the declaration will resolve the controversy. *See* 28 U.S.C. § 2201(a); *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir.2003). The Fifth Circuit has identified three questions to guide a district court's ruling on a motion to dismiss a declaratory judgment action: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Id.* at 387. Notably, Formentera's Motion provides no analysis of these questions; in fact, the words "justiciable" and "controversy" are not even present in Formentera's brief.

The Northern District of Texas considered the application of these three questions in *Wells Fargo Bank Minnesota v. Wachovia Bank*. No. CIV.A. 3:02-CV-1945-, 2004 WL 2826773 (N.D.

Tex. Dec. 9, 2004). In *Wells Fargo*, plaintiff Wachovia filed a declaratory judgment action to determine whether it was required to turn over certain origination documents to defendant ORIX under a Mortgage Loan Purchase Agreement ("MLPA"). *Id.* at *2. ORIX, who had already sued Wachovia for breach of the MLPA and requested the origination documents after Wachovia moved for summary judgment in that case, moved to dismiss ORIX's declaratory judgment action, arguing that ORIX was simply restating its defenses to the breach suit. *Id*. The court denied ORIX's motion to dismiss, however, finding that "declaratory judgment would 'provide relief from uncertainty about the interpretation of Wachovia's duties under the contracts," and that the "uncertainty [regarding the parties' obligations under the MLPA and another contract] is not merely theoretical." *Id.* at *3.

So too should be the fate of Formentera's Motion, which fails to demonstrate that Plaintiffs have not sufficiently pled a plausible claim for relief. The closest Formentera comes to attacking the Complaint's sufficiency is its assertion that the Complaint is "devoid" of factual allegations that Formentera "agreed to indemnify USSIC or pay premiums to USSIC" with respect to the five Disputed Bonds. (Br. at 10). Yet an allegation of this nature is not required for the Complaint to survive Formentera's Motion. The declaratory judgment Plaintiffs seek will resolve the question of whether "Formentera has sole responsibility for the Disputed Bonds" and whether "Talco, WMOC, or WMP have no responsibility for…the Disputed Bonds." (Compl. at 7). Whether Formentera did or did not make an agreement regarding the Disputed Bonds has no bearing on the sufficiency of the Complaint; the origin of Formentera's obligation regarding the Disputed Bonds is a red herring question of fact that is not appropriately settled at this stage in the litigation. *See Cinco J., Inc. v. Pressure Trucks*, 2015 WL 1957108, at *6 (W.D. Tex. Apr. 29, 2015). Instead, the question under the applicable legal standard is whether Plaintiffs have adequately pled their declaratory judgment action—a question which must be answered in the affirmative.

5

The Complaint:

- Appropriately names all interested parties whose interest would be affected by the declaration sought. *Compare* 28 *Wells Fargo*, No. CIV.A. 3:02-CV-1945-, 2004 WL 2826773, at *3, *with* Compl. ¶¶ 4–7;

- Identifies the rights and status of the parties that Plaintiffs seek to establish. *Compare* 28 U.S.C. § 2201(a) (addressing purpose of declaratory judgment), *with* Compl. ¶¶ 25, 27 (posing "the question of responsibility for the five Disputed Bonds"); and

- Sufficiently alleges that there is an actual and justiciable controversy over the rights of the parties involved. *Compare Emps. Mut. Cas. Co.*, No. 1:09CV958, 2010 WL 11527385, at *1 (denying motion to dismiss declaratory judgment action where justiciable controversy was identified and pled), *with* Compl. ¶¶ 29–30 (alleging controversy over the parties' respective responsibilities for the Disputed Bonds), ¶ 31 (declaratory judgment will adjudicate the parties' responsibilities and further the plan under the Bankruptcy Order).

Formentera's Motion does not offer—nor does it try to offer—anything that controverts these basic allegations or show why they are inadequately pled.

Despite Formentera's attempts to muddy the clear waters of the pleadings by bringing in a myriad of new facts, Plaintiffs' requested relief and the basis thereof is sufficiently set forth in the Complaint such that the Court should deny Formentera's motion. The Complaint demonstrates that a declaratory judgment is needed to affirm Formentera's responsibility for the Disputed Bonds and its obligation to execute new Payment and Indemnity Agreements in a form satisfactory to USSIC. (Compl. ¶ 22–27 (setting forth basis of controversy between Plaintiffs, USSIC, and Formentera)). The Complaint unquestionably alleges a plausible claim for relief against Formentera. When scrutinized under the directive to accept as true all well pleaded facts, the Complaint must therefore survive Formentera's Motion. *See Campbell*, 781 F.2d at 442.

Just as the *Wells Fargo* court found that a "declaratory judgment would serve a useful purpose and relieve uncertainty, insecurity, and controversy" in the lawsuit over the parties' obligations under the contracts and denied ORIX's motion, this Court should also deny Formentera's Motion and proceed with resolving the question of the Disputed Bonds' responsible

6

party. *Wells Fargo*, No. CIV.A. 3:02-CV-1945-, 2004 WL 2826773, at *3. Doing so would eliminate uncertainty in USSIC's lawsuit against White Marlin Operating Company, LLC, and would further the underlying bankruptcy action by ensuring the proper parties are held responsible for the bonds upon which they owe funds.[2]

In addition to relying on the factual allegations and reasonable inferences in a complaint, the Court may also consider the underlying record when considering a motion to dismiss under Rule 12(b)(6). *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013). Thus, even if the allegations set forth in the Complaint did not sufficiently establish a plausible claim for relief—which Plaintiffs dispute—when taken with the underlying records in this proceeding, the allegations provide more than sufficient evidence that there is a legal and substantial controversy between the Plaintiffs and all Defendants, and Formentera's Motion must therefore be denied.

C.   **Evidence Confirms the Five Disputed Bonds are Formentera's Responsibility.**

Formentera's Motion focuses not on the sufficiency of the factual allegations in the Complaint, but rather on an attempt to argue that the five Disputed Bonds are not Formentera's responsibility: an argument not supported by the facts, the record, or the law. Regardless, factual assertions that go to the merits of a claim require determinations not appropriate for a motion to dismiss. *See, e.g.*, *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 310 (5th Cir. 2021) (reversing lower court dismissal of complaint when dismissal was based on factual determinations). At the very least, Formentera's attempts to re- or mischaracterize the facts at issue establishes both that Plaintiffs have stated a plausible claim for a declaratory judgment, and that Formentera understands the nature of that claim. While Plaintiffs believe that Formentera's Motion should be

---

[2] At the time Plaintiffs filed the Complaint, the Southern District of Texas had not yet ruled on Plaintiffs' Motion to Stay USSIC's lawsuit. (*See* Compl. ¶ 27). The USSIC lawsuit has since been stayed.

7

considered solely under the FED. R. CIV. P. 12(b)(6) standard, in an abundance of caution, Plaintiffs will also address the misinterpretations of fact that Formentera claims supports its Motion.

### 1. The Disputed Bonds are "Identified Surety Bonds."

Formentera attempts to argue that the Disputed Bonds at the center of the controversy between parties is not Formentera's responsibility, since it is only responsible for "certain" surety bonds. (Br. at 11). Yet Formentera itself concedes that it "agreed to execute New Indemnity Agreements with USSIC with regard to the 'Identified Surety Bonds.'" (Br. at 11). Formentera asserts that "Identified Surety Bonds" is a defined term in the Sale Order that it does not include the five Disputed Bonds, Br. at 11, but this assertion is only half right: "Identified Surety Bonds" is a defined term, but it specifically includes the five Disputed Bonds. The Sale Order defines "Identified Surety Bonds" as those surety bonds that "are identified on Schedule 4.13 of the PSA (the "*Identified Surety Bonds*")." (Doc. 14-3, Appx. p. 1064 (emphasis in original)). All five of the Disputed Bonds are specifically identified in Schedule 4.13. (Doc. 14-3, Appx. pp. 726-732).[3] As such, the Sale Order makes the Disputed Bonds Formentera's responsibility by requiring Formentera to execute new Payment and Indemnity Agreements with USSIC. At a minimum, the intended meaning of the Identified Surety Bonds is ambiguous, and at this stage in the litigation Plaintiffs' interpretation must be given deference. *Jackson*, 644 U.S. at 184; *Campbell*, 781 F.2d at 442.

### 2. The Disputed Bonds are Required to Own and Operate the Acquired Assets.

Formentera also repeatedly argues that it was only required to execute new indemnity agreements with USSIC for bonds that are "required to own and operate the assets following closing." (*See, e.g.*, Br. ¶¶ 8, 17). In doing so, Formentera disregards the fact that the five Disputed

---

[3] Bond B011583 is listed on Appx. p.0728; Bonds B012260, B012262, and B102263 are listed on Appx. p.0729, and Bond B012265 is listed on Appx. p.0730.

8

Bonds are identified in the PSA as being required for ownership or operation of the acquired assets, and that the PSA represents that the bonds listed on Schedule 4.13—including the "Identified Surety Bonds"—are a "complete and accurate list of all Credit Support provided by or on behalf of any Seller in support of the obligations of such Seller to any Governmental Authority, contract counterparty or other Person *related to the ownership or operation of the Assets*." (Doc. 14-1, Appx. p.0062 (emphasis added)). Moreover, co-defendant USSIC represented to the Court that because the Debtors were in the oil and gas industry, the Debtors acquired the USSIC bonds "in order to perform such operations and comply with certain legal and regulatory obligations." (Bankr. Doc. 352, ¶ 4; Bankr. Doc. 440, ¶ 5; and Bankr. Doc. 522, ¶ 4). USSIC specifically noted that the bonds "include plugging and abandonment bonds and certain utility bonds." (*Id.*).

As an active participant in the underlying bankruptcy proceedings in the lawsuit and holder of certain USSIC bonds, Formentera was aware of the Disputed Bond's necessity to the ownership and/or operation of the Assets in question. Presumably, Formentera was equally aware it has no authority to unilaterally decide whether the bonds are required for operation of the acquired assets. For example, the State of Louisiana has a formal protocol that must be followed to release such bonds, and the bankruptcy record indicates that at least three of the bonds, B011583, B012262, and B012263 are for Louisiana based wells. (Bankr. Doc. 523-16; Bankr. Doc. 523-33; and Bankr. Doc. 523-34).[4] As the Disputed Bonds are required to own and operate the acquired assets, the Sale Order obligates Formentera to be responsible for the bonds upon purchasing the underlying assets.

---

[4] A fourth bond, B012265, also includes Louisiana properties, but proof requires referencing documents outside of the bankruptcy record.

### 3. The Disputed Bonds are Assumed Obligations.

Formentera also asserts that it is not responsible for the Disputed Bonds because the Sale Order states it "shall have no obligations with respect to any liabilities of the Debtors (*other than permitted encumbrances and assumed obligations*.)" (Br. ¶ 11 (emphasis added)). Plaintiffs allege the Disputed Bonds are assumed obligations, however.[5] (Compl. ¶ 18, 20 (listing bonds assumed by Formentera, including the Disputed Bonds)). Thus Formentera's suggestion that Plaintiffs have no claim against it because the Sale Order states Formentera has no obligations other than permitted encumbrances and assumed obligations likewise falls flat.

### IV. CONCLUSION

Formentera was served with a clear, well-pled Complaint for a Declaratory Judgment and now attempts to obfuscate the record and argue its defenses under the guise of a motion to dismiss. Yet Formentera's attempts to argue against its responsibility for the Disputed Bonds only emphasize Plaintiffs' argument that a judiciable controversy between the Parties exists. Plaintiffs met the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure and stated a plausible claim upon which relief can be granted. The Court should deny Formentera's Motion to Dismiss and allow the parties to proceed with this declaratory judgment action promptly and efficiently.

---

[5] And for good reason. Section 12.1 of the Order identifies the liabilities Formentera agreed to assume. (Doc. 14.3, Appx. p. 1163). In addition to assuming liabilities "arising out of, based on or related to" ownership or operation of the acquired assets, Section 12.1(f) documents that Formentera agreed to assume obligations for "all Environmental Liabilities," and Section 12(1)(g) documents the assumption of obligations for the "Plugging and Abandonment of the Assets." (*Id*.). Four of the five Disputed Bonds are identified as "reclamation" bonds on Schedule 4.13. (Doc. 14-3, Appx. pp. 726-732). Additionally, all four of the reclamation bonds specifically address plugging and abandonment of the subject wells. (Bankr. Doc. 523-16; Bankr. Doc. 523-33; Bankr. Doc. 523-34; and Bankr. Doc. 523-36). Finally, in Section 12(1)(i) of the Order, Formentera assumed responsibility for obligations that "are attached to, run with or otherwise binding" the acquired properties. While not appropriate for inclusion in this Response to a Motion to Dismiss, Plaintiffs will be able to demonstrate that all five of the Disputed Bonds meet these criteria and are thus the responsibility of Formentera.

Respectfully submitted this 5th day of July, 2023,

**Jordan, Lynch & Cancienne PLLC**

/s/ *Michael A. Cancienne*
Michael A. Cancienne
State Bar No. 24055256
Federal ID No. 964201
1980 Post Oak Blvd., Suite 2300
Houston, Texas 77056
mcancienne@jlcfirm.com
713.955.4020
713.955.9644 (Facsimile)

***Attorney-in-Charge for Talco Petroleum LLC and White Marlin Operating Co., LLC***

## CERTIFICATE OF SERVICE

I certify that on July 5, 2023, a true and correct copy of the foregoing motion was served on all counsel of record via the Court's CM/ECF system.

/s/ *Michael A. Cancienne*
Michael A. Cancienne