<div style="display: flex;">

Philip G. Eisenberg
Texas Bar No. 24033923
Elizabeth M. Guffy
Texas Bar No. 08592525
LOCKE LORD LLP
600 Travis, Suite 2800
Houston, Texas 77002
Ph: 713-226-1200
Email: peisenberg@lockelord.com
Email: eguffy@lockelord.com

W. Scott Hastings
Texas Bar No. 24002241
LOCKE LORD LLP
2200 Ross Avenue Suite 2800
Dallas, TX 75201
Ph: 214-740-8000
Email: shastings@lockelord.com

</div>

Brad C. Knapp
Texas Bar No. 24060101
LOCKE LORD LLP
601 Poydras Street
New Orleans, LA 70130
Ph: 504-558-5100
Email: bknapp@lockelord.com

*Counsel for U.S. Specialty Insurance Co.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-90000-mxcm11 |
| | § | |
| ROCKALL ENERGY HOLDINGS, LLC et al. | § | Chapter 11 |
| | § | |
| Reorganized Debtors. | § | Jointly Administered |
| | § | |
| TALCO PETROLEUM LLC and | § | |
| WHITE MARLIN OPERATING CO., LLC, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 23-09003-mxm |
| | § | |
| FORMENTERA PARTNERS FUND I, LP and | § | |
| U.S. SPECIALTY INSURANCE CO., | § | |
| | § | |
| Defendants | § | |

**BRIEF IN SUPPORT OF U.S. SPECIALTY INSURANCE COMPANY'S MOTION
(I) TO DISMISS UNDER RULE 12(B)(1); (II) ALTERNATIVELY, FOR ABSTENTION;
AND (III) TO DISMISS UNDER RULE 12(B)(6)**

## TABLE OF CONTENTS

**Contents**

I. Introduction ........................................................................................................................1

II. Background ........................................................................................................................1

III. Arguments and Authorities ................................................................................................3

    A. This Court lacks subject matter jurisdiction over the claims asserted by the Plaintiffs in this Adversary Proceeding. ..........................................................................3

    B. The Plaintiffs' claims are not core matters ..................................................................4

    C. The Plaintiffs' claims are non-core matters over which the Court lacks post-confirmation jurisdiction ........................................................................................5

    D. The Court should abstain from hearing this Adversary Proceeding. ..........................8

    E. Abstention is appropriate under the first-to-file 28 U.S.C.§ 1334(c)(1) ....................8

    G. The Complaint should be dismissed Rule 12(b)(6) for failure to state a claim. ......12

IV. Conclusion .......................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bank of Louisiana v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Texas, Inc.)*,
266 F.3d 388 (5th Cir. 2001) ...................................................................................................5

*Cadle Co. v. Whataburger of Alice, Inc.*
174 F3d 599 (5th Cir. 1999) ....................................................................................................8

*Collins v. Sydow (In re NC12, Inc.)*,
478 B.R. 820 (Bankr. S.D. Tex. 2012) ...................................................................................10

*Colo. River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976)................................................................................................................10

*Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*,
2007 WL 5186798 (S.D. Tex. Sept 11, 2007) .........................................................................8

*Green v. Mitsui Sumitomo Ins. Co., Ltd. (In re TK Holdings, Inc.)*,
2023 WL 4286202(D. Del. 2023) ............................................................................................7

*Halper v. Halper*,
164 F.3d 830 (3d Cir. 1999).....................................................................................................4

*Houston Baseball Partners LLC v. Comcast Corp. (In re Houston Reg'l Sports Network, L.P.)*,
514 B.R. 211 (Bankr. S.D. Tex. 2014) ...................................................................................10

*Igloo Products Corp. v. The Mounties, Inc.*,
735 F.Supp. 214 (S.D. Tex. 1990) ...........................................................................................8

*In re Bass*,
171 F.3d 1016, 1022 (5th Cir. 1999) .......................................................................................3

*In re Superior Air Parts, Inc.*,
516 B.R. 85 (Bankr. N.D. Tex. 2014)......................................................................................5

*In re U.S. Brass Corp.*,
301 F.3d 296 (5th Cir. 2002) ...................................................................................................3

*Johnson Bros. Corp. v. Int'l Brotherhood of Painters*,
861 F.Supp. 28 (M.D. La. 1994)..............................................................................................8

*Mann Manufacturing, Inc. v. Hortex, Inc.*,
  439 F.2d 403 (5th Cir. 1971) ........................................................................................ 8

*McVey v. Johnson (In re SBMC Healthcare)*,
  519 B.R. 172 (Bankr. S.D. Tex. 2014), aff'd, 2017 WL 2062992 (S.D. Tex.
  May 11, 2017) .......................................................................................................... 10

*Mission Ins. Co. v. Puritan Fashions Corp.*,
  706, F.2d 599, 602 (5th Cir. 1983) ............................................................................ 8

*Off. Comm. of Unsec. Creds. v. Grant Thornton, LLP (In re Schlotzsky's, Inc.)*,
  351 B.R. 430 (Bankr. W.D. Tex. 2006) .................................................................... 10

*Pac. Dunlop Holdings (Europe) v. Exide Holding Europe (In re Exide Techs.)*,
  544 F.3d 196 (3d Cir. 2008) ...................................................................................... 4

*Save Power Ltd. v. Syntek Fin. Corp.*,
  121 F.3d 967 (5th Cir. 1997) .................................................................................... 8

*Walker v. Cadle Co. (In re Walker)*,
  51 F.3d 562 (5th Cir. 1995) .................................................................................. 4, 9

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
  751 F.2d 729 (5th Cir. 1985) ................................................................................ 8, 9

*Wood v. Wood (In re Wood)*,
  825 F.2d 90 (5th Cir. 1987) ...................................................................................... 5

**Federal Rules**

Federal Rules of Bankruptcy Procedure Rule 7012 ................................................... 12

Fed. R. Civ. P. Rule 12(b)(1) ........................................................................................ 1

Fed. R. Civ. P. Rule 12(b)(6) ......................................................................... 1, 3, 12, 13

**Federal Statutes**

28 U.S.C. § 157(b)(1) .................................................................................................... 4

28 U.S.C. § 157(c) ........................................................................................................ 4

28 U.S.C. §§ 1334 ............................................................................................... 3, 4, 12

28 U.S.C. § 1334(c) ................................................................................................ 1, 10

28 U.S.C. § 1334(c)(1) ......................................................................................3, 8, 10, 12

**Other Authorities**

*Complaint and Request for Declaratory Judgment and Enforcement of Certain
    Provisions of Confirmed Plan* (the "Complaint")..................................................................1

Main Case Dkt. No. 600 ..............................................................................................................2

U.S. Specialty Insurance Company ("USSIC") files this Brief in support of its *Motion (i) to Dismiss Under Rule 12(b)(1); (ii) Alternatively, for Abstention; and (iii) to Dismiss under Rule 12(b)(6)*, filed contemporaneously with this Brief. Based on the facts and legal authorities set out below, the Court should dismiss the *Complaint and Request for Declaratory Judgment and Enforcement of Certain Provisions of Confirmed Plan* (the "Complaint") [Dkt. No. 1] filed by Talco Petroleum LLC ("Talco") and White Marlin Operating Co., LLC ("WMOC, and together with Talco, the "Plaintiffs").

## I. INTRODUCTION

USSIC seeks an order from this Court dismissing the Plaintiffs' Complaint for lack of subject matter jurisdiction. Alternatively, if the Court finds that it has the requisite jurisdiction to hear the Plantiffs' Complaint, USSIC requests that the Court exercise its discretion to abstain from adjudicating this action under both the first-filed doctrine and 28 U.S.C. § 1334(c))1).

Additionally, the Complaint should be dismissed under Rule 12(b)(6) on the basis that it fails to state a claim upon which relief can be granted, and USSIC joins in Formentera Partners Fund I, LP's Rule 12(b)(6) Motion to Dismiss [Dkt. No. 22] (the "Formentera Motion to Dismiss").

## II. BACKGROUND

The factual background to this Adversary Proceeding is fairly simple and not disputed by the parties. In November 2019, Talco purchased Rockall Energy LLC's ownership interests in WMOC and White Marlin Petroleum, LLC ("WMP"), thereby becoming the owner of both entities.

In July 2015, before the sale to Talco took place, WMOC and WMP, along with some of their affiliates, entered into a Payment and Indemnity Agreement with USSIC (the "PIA"). Both

WMOC and WMP were principals under the PIA. The PIA states that all principals are jointly and severably liable for all obligations to USSIC under the PIA, including without limitation premiums and any liabilities, damages, losses, costs, or expenses incurred by USSIC in connection with any bonds issued under the PIA . USSIC subsequently issued a number of bonds under the PIA at the request of WMOC, WMP, and their affiliates.

On March 9, 2022, Rockall Energy LLC and a number of its affiliates (collectively, the "Debtors"), including WMOC and WMP, filed voluntary chapter 11 petitions, and on March 10, 2022, filed a motion seeking the Court's approval of a bidding and auction process to sell substantially all of their assets. At the conclusion of the sales process, Formentera was named the winning bidder.

On June 2, 2022, the Court entered an order confirming the Debtors' chapter 11 plan (the "Confirmation Order") [Main Case Dkt. No. 600]. On that same day, the Court entered an order approving the sale of the Debtors' assets to Formentera (the "Sale Approval Order") [Main Case Dkt. No. 600, Exhibit B]

As the plaintiffs have noted, USSIC had concerns about the effect the sale to Formentera and confirmation of the plan might have on their rights under the PIA and the bonds issued under it. In order to address those concerns, Formentera agreed to replace certain bonds associated with the assets it purchased or to enter into a new Payment and Indemnity Agreement with USSIC. Additionally, at USSIC's request, the Debtors added language to the Order that made clear that nothing in the Confirmation Order, the plan, or the Sale Approval Order affected any of USSIC's rights against Talco, WMOC, WMP. Confirmation Order, page 192, paragraph 45.

The Debtors' plan became effective on June 10, 2022. [Main Case Dkt. No. 641].

2

On December 9, 2022, USSIC filed suit against WMOC (the "USSIC Action") in the United States District Court for the Southern District of Texas, Houston Division, (the "District Court") seeking to enforce its rights under the PIA and under twelve bonds issued pursuant to the PIA. *See* Appendix, *Plaintiff's Original Complaint for Indemnity, Equitable, and Other Relief.* The USSIC Action is pending under Case No. 22-cv-04252.

On May 5, 2023—approximately six months after the USSIC Action was filed, the Plaintiffs filed this Adversary Proceeding.

On June 23, 2023, at the Plaintiffs' request, the District Court stayed the USSIC Action, pending this Court's resolution of this Adversary Proceeding.

## III. ARGUMENTS AND AUTHORITIES

USSIC submits that the proper resolution of this Adversary Proceeding is the dismissal of the plaintiffs' complaint. This Court lacks subject matter jurisdiction over the claims asserted by the Plaintiffs, and even if there were subject matter jurisdiction, the Court should exercise its discretion to abstain in favor of the USSIC Action on the basis of both the first-filed doctrine and permissive abstention under 28 U.S.C. § 1334(c)(1). Finally, even if the Court were to entertain the Complaint on its merits, the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

### A. This Court lacks subject matter jurisdiction over the claims asserted by the Plaintiffs in this Adversary Proceeding.

It is well-established that bankruptcy courts are courts of limited jurisdiction. *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). The source of their jurisdiction is 28 U.S.C. §§ 1334 and 157. *In re U.S. Brass Corp.*, 301 F.3d 296, 303 (5th Cir. 2002) (quoting *United States Tr. v. Gryphon at the Stone Mansion, Inc.*, 216 B.R. 764, 769 (W.D. Pa. 1997), aff'd, 166 F.3d 552 (3d

3

Cir. 1999). Because the claims asserted here by Talco and White Marlin do not fall within the scope of the jurisdiction conferred by statute, this Court lacks subject matter jurisdiction over their claims set out in the Complaint.

### B. The Plaintiffs' claims are not core matters

As the Fifth Circuit has stated, 28 U.S.C. § 1334 provides that

> district courts, along with their bankruptcy units, are empowered to hear "cases under title 11" (*i.e.*, the bankruptcy petition itself). . . . . Additionally, § 1334(b) gives the district courts original, but not exclusive, jurisdiction over "proceedings arising under title 11"; "proceedings 'arising in' a case under title 11"; and "proceedings 'related to' a case under title 11."

*Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 568 (5th Cir. 1995). Thus, bankruptcy jurisdiction consists of four categories: cases under title 11, proceedings arising under title 11, proceedings arising in a case under title 11, and proceedings related to a case under the title 11.

The first three categories are considered "core" proceedings over which a bankruptcy court has the power to finally decide such matters, subject to the limitations of the court's Article I status. *Pac. Dunlop Holdings (Europe) v. Exide Holding Europe (In re Exide Techs.)*, 544 F.3d 196, 205–06 (3d Cir. 2008); see also 28 U.S.C. § 157(b)(1). The fourth category, "related to" matters, consists of non-core claims that can be heard by the bankruptcy court but as to which the bankruptcy court cannot issue final orders (absent the consent of the parties). Instead, the bankruptcy court can only hear the issues and submit proposed findings of fact and conclusions of law to the district court for final determination. 28 U.S.C. § 157(c); see *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999).

Despite the Plaintiffs' claims to the contrary, nothing about this Adversary Proceeding is core. It is obviously not an action on the bankruptcy petition itself and, therefore, not a case "under" title 11. Nor do the claims "arise under" title 11 because none of the causes of action

4

asserted in the Complaint were created under title 11. The third category—"arising in a case under title 11—is limited to proceedings that are based on claims that "have no existence outside of bankruptcy," and it is clear here that the plaintiffs' claims here not only can, but actually do exist outside of bankruptcy. Therefore, this Adversary Proceeding is not a core matter.

### C. The Plaintiffs' claims are non-core matters over which the Court lacks post-confirmation jurisdiction

Accordingly, "the only jurisdictional 'hook' to bring this dispute properly before the [Court] would be under 'related to' jurisdiction." *In re Superior Air Parts, Inc.*, 516 B.R. 85, 95 (Bankr. N.D. Tex. 2014). "Controversies that do not depend on the bankruptcy laws for their existence—suits that could proceed in another court even in the absence of bankruptcy—are not core proceedings." See *Castex*, 584 B.R. at 154 (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

But a bankruptcy court's "related to" jurisdiction in a chapter 11 case is significantly diminished post-confirmation and post-effective date. That is because a proceeding is "related to a case under title 11" only if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987). But "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist other than for matters pertaining to the implementation or execution of the plan. [citation omitted] No longer is expansive bankruptcy court jurisdiction required to facilitate 'administration' of the debtor's estate, for there is no estate left to reorganize." *Bank of Louisiana v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Texas, Inc.)*, 266 F.3d 388, 390 (5th Cir. 2001).

Here, the Debtors' plan was confirmed and became effective nearly a year ago. There is no viable argument that the claims asserted by the Plaintiffs in their Complaint will have any effect

5

whatsoever on the Debtors' estates (which no longer exist), and those claims do not pertain to the implementation or execution of the Debtors' confirmed plan.

The Plaintiffs appear to be attempting to invoke this Court's ancillary jurisdiction by referencing the Sale Approval Order, suggesting the dispute over WMOC's liability to USSIC under the PIA requires the Court to "interpret" that Order. That approach fails for two reasons.

First, the terms of the sale to Formentera cited by the Plaintiffs as relevant to their claims are found in and governed by the purchase and sale agreement between the Debtors and Formentera. The Formentera PSA is a relatively straightforward purchase and sale agreement that can be interpreted by any court of competent jurisdiction. The meaning of these provisions does not depend on the interpretation of the Sale Approval Order or any other orders entered by the Court.

Second, the Sale Approval Order specifically provides that

> [n]othing in the Plan, the Confirmation Order, or this Sale Approval Order shall affect, impair, alter, limit, release, or modify any rights of USSIC, including its rights under any of the Surety Bonds, the Indemnity Agreements, the New Indemnity Agreements, or any other applicable agreement against Talco Petroleum LLC, White Marlin Operating, LLC, or White Marlin Petroleum LLC in any way.

Main Case Docket No. 600, page 192, paragraph 45. Given this provision, no "interpretation" of the Court's Sale Approval Order is necessary to resolve the dispute between USSIC and the Plaintiffs[1]. The Sale Approval Order plainly and unambiguously provides that it does not affect USSIC's rights against any of the Plaintiffs.

---

[1] Neither Talco nor WMP are parties to the PIA, and they are not named as defendants in the USSIC Action. The Plaintiffs' basis for including them in the relief sought in this Adversary Proceeding is unclear.

6

The circumstances here are analogous to those presented in *Green v. Mitsui Sumitomo Ins. Co., Ltd. (In re TK Holdings, Inc.)*, 2023 WL 4286202(D. Del. 2023), where the plaintiff argued that an insurance coverage dispute constituted a core matter because resolution of the dispute required the interpretation of the provisions of the debtors' confirmed plan. *Id.* at *8. The bankruptcy court rejected this argument on the basis that the plan expressly stated that it did not alter the insurance policies in question. The bankruptcy court, therefore, found that the proceeding was not core, and dismissed the plaintiff's complaint. *Id.* at *4. On appeal, the Delaware District Court affirmed the bankruptcy court's ruling, stating that "[t]he question of 'whether the Debtors' bankruptcy has fundamentally altered MSI's obligations under the Policies' required no analysis under the Plan because the Plan in no way altered the MSI Policies." *Id.* The Delaware District Court also noted that "the Plan had been confirmed and, as the Bankruptcy Court recognized, the Plan makes clear that the relief sought by the Trustee requires analysis of the MSI Policies, rather than the Plan itself." *Id.* at *9.

The Plaintiffs' argument here is similar—that the Court has core jurisdiction over the claims in the Complaint because resolution of the dispute required the Court to determine whether the Debtors' plan altered WMOC's obligations to USSIC under the PIA. However, as in *Green*, the Debtors' plan "in no way altered" WMOC's obligations under the PIA. This conclusion is not mere argument or conjecture; the Sale Approval Order expressly states just that. Thus, the resolution of the dispute between USSIC and the Plaintiffs requires analysis of the PIA, not the Debtors' plan or any order of this court, which renders it a non-core matter that lies beyond this Court's post-confirmation and post-effective date jurisdiction.

### D. The Court should abstain from hearing this Adversary Proceeding.

Even if there were bankruptcy jurisdiction over the claims asserted by the Plaintiffs, the Court should nonetheless abstain from hearing those claims and dismiss the Complaint. Abstention and dismissal would be appropriate under both the first-to-file rule and 28 U.S.C. § 1334(c)(1).

### E. Abstention is appropriate under the first-to-file rule.

Courts have long recognized a doctrine known as the "first-to-file rule." This doctrine is based on "principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 967, 950 (5th Cir. 1997). Its purpose is "to avoid the waste of duplication, to avoid rulings that may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 729 (5th Cir. 1985). "Courts use this rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.* 174 F3d 599, 604 (5th Cir. 1999). The Fifth Circuit requires this rule to be followed "[i]n the absence of compelling circumstances." *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).[2]

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases

---

[2] It is interesting to note that a number of courts have interpreted the Fifth Circuit's "compelling circumstances" that justify a deviation from the first-to-file rule as including an anticipatory suit filed for the purpose of obtaining a more favored forum. *See, e.g., Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*, 2007 WL 5186798, at *4 (S.D. Tex. Sept 11, 2007); *Igloo Products Corp. v. The Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D. Tex. 1990). An anticipatory suit frequently takes the form of an action for declaratory judgment. *See, e.g., Johnson Bros. Corp. v. Int'l Brotherhood of Painters*, 861 F.Supp. 28, 29 (M.D. La. 1994); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706, F.2d 599, 602 (5th Cir. 1983). Here, the Plaintiffs have reversed that playbook by filing their declaratory judgment action *after* USSIC filed its suit in the Southern District of Texas. But for the same reasons that anticipatory declaratory judgment actions should be dismissed in favor of the later-filed case, the Plaintiffs' Complaint should also be dismissed.

8

substantially overlap." *Cadle*, 174 F.2d at 603. "In particular, '[a] court may . . . in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.'" *West Gulf Maritime*, 751 F.2d at 729 (quoting *Abbot Laboratories v. Gardner*, 387 U.S. 136, 155 (1967). There can be no dispute that the issues asserted by the Plaintiffs in their declaratory judgment suit substantially overlap with the issues asserted by USSIC in the USSIC Action because, in effect, the Plaintiffs are asking this Court for a declaratory judgment that USSIC loses on the claims it has asserted against WMOC in the Southern District of Texas.

In its complaint filed in the Southern District of Texas, USSIC asserts claims against WMOC for breach of contract, indemnity, and specific performance under the PIA and the bonds issued under it. *See* Appendix, page 8-13. In this Adversary Proceeding, the Plaintiffs are seeking a declaratory judgment that Talco, WMOC, and WMP "have no responsibility for premiums, collateralization, or for reimbursement for USSIC's fees and expenses, for the Disputed Bonds." Complaint, page 7. The overlap between the issues presented in the two proceedings is both substantial and unmistakable. Such an overlap mandates the application of the first-to-file rule, and the Complaint should be dismissed.

Dismissal in favor of the first-filed USSIC Action is also appropriate because it is undisputed that the adjudication of the issues presented by the Complaint will not resolve all of the issues presented in the USSIC Action because, although there is substantial overlap between the two proceedings, the USSIC Action involves claims against WMOC that are not included in the scope of the Complaint. For that reason, even if this Court were to entertain the Plaintiffs' Complaint on the merits, USSIC and WMOC would still have to return to the USSIC Action for a further adjudication of the dispute between them. Having two different courts hear two separate

9

actions involving the same two parties arising from the same set of facts represents an inherent waste of judicial resources. The Complaint should, therefore, be dismissed.

F. **Abstention is appropriate under 28 U.S.C. § 1334(c)(1).**

The bankruptcy jurisdiction statute provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding . . . related to a case under title 11." 28 U.S.C. § 1334(c)(1).

Bankruptcy courts have "broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996); see also *Collins v. Sydow (In re NC12, Inc.)*, 478 B.R. 820, 832 (Bankr. S.D. Tex. 2012). A court's discretion is broader when it is exercising bankruptcy jurisdiction than in federal cases generally. Outside bankruptcy, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" that applies "only in [] exceptional circumstances." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (quoting *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185 (1959)).

In a non-core bankruptcy proceeding, however, the permissive abstention statute "serves the special function of curbing the otherwise boundless scope of § 1334(b) jurisdiction." *Houston Baseball Partners LLC v. Comcast Corp. (In re Houston Reg'l Sports Network, L.P.)*, 514 B.R. 211, 218 (Bankr. S.D. Tex. 2014) (discussing *Off. Comm. of Unsec. Creds. v. Grant Thornton, LLP (In re Schlotzsky's, Inc.)*, 351 B.R. 430, 434 (Bankr. W.D. Tex. 2006)).

In evaluating whether to exercise their broad discretion to abstain under section 1334(c), bankruptcy courts within the Fifth Circuit consider fourteen factors. *See McVey v. Johnson (In re*

10

*SBMC Healthcare)*, 519 B.R. 172 (Bankr. S.D. Tex. 2014), aff'd, 2017 WL 2062992 (S.D. Tex. May 11, 2017). As set out in the following table, the application of those factors to the facts and circumstances of this Adversary Proceeding strongly supports abstention:

|   | Factor | Application to this Adversary Proceeding |
|---|---|---|
| 1. | The effect or lack thereof on the efficient administration of the estate if the court recommends abstention | Supports abstention—the adjudication of the Plaintiffs' claims will have no effect on administration of the Debtors' estates because the Debtors' chapter 11 plan has been confirmed and has become effective. |
| 2. | Extent to which state or other non-federal law issues predominate over bankruptcy issues | Supports abstention—there are no bankruptcy issues presented in this adversary proceeding. |
| 3. | Difficult or unsettled nature of the applicable law | Supports abstention—the applicable law is contract interpretation, which is neither difficult nor unsettled. |
| 4. | Presence of related proceedings commenced in state court or other non-bankruptcy proceeding | Supports abstention—the USSIC Action has been commenced and, as discussed above, involved substantially the same issues. |
| 5. | Jurisdictional basis, if any, other than § 1334 | Supports abstention—the Plaintiffs cite §§ 1334 and 157 as the basis for jurisdiction. |
| 6. | Degree of relatedness or remoteness of proceeding to main bankruptcy case | Supports abstention—the claims asserted by Plaintiffs are far removed from the Debtors' main bankruptcy case. |
| 7. | The substance rather than the form of an asserted core proceeding | Supports abstention—as discussed above, the Plaintiffs' claims do not fall within the definition of core proceedings and resolution of this dispute does not required interpretation of the Court's orders. |
| 8. | The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court | Supports abstention—none of the claims are core bankruptcy matters. |
| 9. | The burden of the bankruptcy court's docket | Supports abstention—the Court should not be required to devote resources to a post-effective date non-core matter that can be readily resolved by another court. |

11

|  | Factor | Application to this Adversary Proceeding |
|---|---|---|
| 10. | The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties | Supports abstention—given that this Adversary Proceeding was filed in response to the USSIC Action, there is at least a possibility that the Plaintiffs are forum shopping. |
| 11. | The existence of a right to a jury trial | Neutral—no party has made a jury demand. |
| 12. | The presence in the proceeding of non-debtor parties | Supports abstention—all of the parties are non-Debtors. |
| 13. | Comity | Supports abstention—comity, as expressed in the first-to-file rule, dictates that this Court defer to the Southern District of Texas |
| 14. | The possibility of prejudice to other parties in the action | Supports abstention—abstention will not prejudice the rights of any party to this Adversary Proceeding. |

Based on this analysis, it is clear that the facts and circumstances of this Adversary Proceeding support abstention under 28 U.S.C. § 1334(c)(1), and this Court should exercise its discretion to abstain in favor of the USSIC Action and dismiss the Plaintiffs' Complaint.

G. **The Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.**

Even if there were bankruptcy jurisdiction over the Plaintiffs' claims and this Court determined that it should hear their Complaint on the merits, the Court should dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, because the Complaint fails to state a claim upon which relief can be granted.

As set out in more detail in the Brief submitted by Formentera at Docket No. 13 in support of the Formentera Motion to Dismiss, even if the facts stated in the Plaintiffs' Complaint are taken as true, there is no relief available. The Plaintiffs are asking this Court to answer a question that

12

the Court has already answered—what effect did the Confirmation Order and the Sale Approval Order have on WMOC's obligations to USSIC under the PIA? The Court's answer to that question is set out in the Sale Approval Order at paragraph 45, and that answer is:

> Nothing in the Plan, the Confirmation Order, or this Sale Approval Order shall affect, impair, alter, limit, release, or modify any rights of USSIC, including its rights under any of the Surety Bonds, the Indemnity Agreements, the New Indemnity Agreements, or any other applicable agreement against Talco Petroleum LLC, White Marlin Operating, LLC, or White Marlin Petroleum LLC in any way.

The Plaintiffs had every opportunity to weigh in on this question during the confirmation process, but they did not. The relief they are seeking now is, in effect, to have this Court re-write the Sale Approval Order. That relief cannot be granted, and the Complaint should be dismissed under Rule 12(b)(6).

In further support of its request that the Complaint be dismissed for failure to state a claim upon which relief can be granted, USSIC joins in the Formentera Motion to Dismiss and the supporting brief.

## IV. CONCLUSION

For the foregoing reasons, USSIC requests that the Court enter an order dismissing the Complaint with prejudice and granting USSIC such other relief as may be just and proper.

Respectfully submitted this the 17th day of July, 2023.

/s/ Philip G. Eisenberg
Philip G. Eisenberg
Texas Bar No.: 24033923
peisenberg@lockelord.com
Elizabeth M. Guffy
Texas Bar No. 08592525
Email: eguffy@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, TX 77002
Phone: (713) 226-1304
Fax: (713) 223-3717

Brad C. Knapp
Texas Bar No.: 24060101
Email: bknapp@lockelord.com
LOCKE LORD LLP
601 Poydras Street
New Orleans, LA 70130
Ph: 504-558-5100

W. Scott Hastings
Texas Bar No. 24002241
Email: shastings@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue Suite 2800
Dallas, TX 75201
Ph: 214-740-8000

COUNSEL FOR U.S. SPECIALTY INSURANCE CO.

### CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of July 2023, a true and correct copy of the foregoing instrument has been served electronically on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in the above-styled proceeding.

/s/ Philip G. Eisenberg
Philip G. Eisenberg

14