Taylor W. Meek (Texas Bar I.D. No. 24100197)
MAYNARD NEXSEN P.C.
5949 Sherry Lane, Suite 820
Dallas, TX 75225
Telephone: (214) 239-2362
Email: TMeek@maynardnexsen.com

Tres Cleveland (admitted *pro hac vice*)
MAYNARD NEXSEN P.C.
1901 Sixth Avenue N, Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1000
Email: TCleveland@maynardnexsen.com

Evan N. Parrott (admitted *pro hac vice*)
MAYNARD NEXSEN P.C.
11 North Water Street, Suite 24290
Mobile, AL 36602
Telephone: (251) 206-7449
Email: EParrott@maynardnexsen.com

*Counsel for Formentera Partners Fund I, LP*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 22-90000-mxm11** |
| | § | |
| **ROCKALL ENERGY HOLDINGS, LLC,** *et al.,* | § | **Chapter 11** |
| | § | |
| **Reorganized Debtors.** | § | **Jointly Administered** |
| _____ | § | |
| | § | |
| **TALCO PETROLEUM LLC and** | § | |
| **WHITE MARLIN OPERATING** | § | |
| **CO., LLC,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Adversary No. 23-09003-mxm** |
| | § | |
| **FORMENTERA PARTNERS** | § | |
| **FUND I, LP and U.S. SPECIALTY** | § | |
| **INSURANCE CO.,** | § | |
| | § | |
| **Defendants** | § | |

### DEFENDANT FORMENTERA PARTNERS FUND I, LP'S
### REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS

Defendant Formentera Partners Fund I, LP ("Formentera"), by and through undersigned counsel, hereby files this reply (this "Reply") to *Plaintiffs' Response to Defendant Formentera Partners Fund I, LP's Rule 12(B)(6) Motion to Dismiss* (AP Doc. 24)[1] (the "Response") filed by Plaintiffs and in support of *Defendant Formentera Partners Fund I, LP's Rule 12(B)(6) Motion to Dismiss* (AP Doc. 22) (the "Motion") and the *Brief in Support of Defendant Formentera Partners Fund I, LP's Rule 12(b)(6) Motion to Dismiss* (AP Doc. 13) (the "Brief").[2] In the Response, Plaintiffs argue that the Motion should be denied because it does not attack the actual sufficiency of the Complaint, and the Complaint states a viable claim upon which relief can be granted. For the reasons stated herein, the Court should reject these arguments and grant the Motion.

Plaintiffs claim that Formentera does "not once" attack the sufficiency of the Complaint in the Motion and Brief. However, the Brief clearly provides that the Complaint fails to state a claim upon which relief can be granted. Plaintiffs have sued Formentera on the basis that Formentera is responsible to indemnify USSIC and pay premiums to USSIC in connection with the Five Disputed Bonds. However, as explained in the Brief, the Complaint contains zero factual allegations that Formentera agreed to indemnify USSIC or pay premiums to USSIC in connection with the Five Disputed Bonds or are otherwise responsible for the Five Disputed Bonds.

The **only** allegation in the Complaint that purports to establish Formentera's obligations for the Five Disputed Bonds is one quote from the Sale Order. (*See* Complaint at ¶ 20). Specifically, Plaintiffs allege that the Sale Order provides that Formentera agreed to execute new

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above-styled adversary proceeding are cited as "(AP Doc. ____)"; and (2) citations to docket entries in the above-styled main bankruptcy case are cited as "(Bankr. Doc. ____)".

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Brief.

Payment and Indemnity Agreements with USSIC for several Surety Bonds, including the Five Disputed Bonds. (*Id.*). The Sale Order speaks for itself. Contrary to Plaintiffs' misreading of the Sale Order, it does not provide that Formentera was obligated to execute New Indemnity Agreements with USSIC for *all* of the Surety Bonds. Instead, it merely provides that Formentera would execute New Indemnity Agreements for *certain* Surety Bonds. Plaintiffs attempt to refute this point in § C.1. of the Response by quoting the Sale Order's definition of "Identified Surety Bonds." Significantly however, Plaintiffs omit the word "certain" from the definition. This omission is telling and illustrative of Plaintiffs' attempts to twist and rewrite the Court's order.[3] Simply put, the only allegation in the Complaint that theoretically supports Plaintiffs' claim against Formentera is directly contradicted by the language of the Sale Order it purports to quote.

Further, Formentera submitted the Formentera Indemnity Agreement to the Court in support of the Motion.[4] As clearly provided in the Formentera Indemnity Agreement, Formentera

---

[3] In the Response, Plaintiffs also cite general language from the PSA and Sale Order about acquired assets and assumed obligations. (*See* §§ C.2 & 3). But none of the Plaintiffs' arguments change the facts that (a) there is no requirement that Formentera enter into new agreement with USSIC to indemnify USSIC for *all* of the Surety Bonds identified on Schedule 4.13 to the PSA and (b) Formentera did not enter into an agreement with USSIC to indemnify USSIC for all Surety Bonds. Moreover, as explained herein, even if Plaintiffs could prove that Formentera agreed to indemnify USSIC or pay premiums to USSIC in connection with the Five Disputed Bonds, that would have no impact on Plaintiffs' obligations to USSIC for the Five Disputed Bonds.

[4] Plaintiffs claim that the Court cannot consider the Formentera Indemnity Agreement without converting the Motion to a motion for summary judgment. (*See* AP Doc. 24 at n.1). As explained in the Brief, the Court can consider documents referred to in Plaintiffs' complaint that are central to Plaintiffs' claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Plaintiffs contend that the Complaint does not reference the Formentera Indemnity Agreement (*i.e.*, the new indemnity agreement entered into by Formentera and USSIC), yet Plaintiffs concede that the Complaint explicitly provides that "Formentera 'agreed to execute new Payment and Indemnity Agreements with USSIC.'" Remarkably, the reference to the "new Payment and Indemnity Agreement[] with USSIC" in the Complaint is not some ancillary sentence; it is the singular sentence in the Complaint that purportedly establishes Formentera's obligations for the Five Disputed Bonds. In short, Plaintiffs' claims hinge on the contention that Formentera entered into a "new Payment and Indemnity Agreement" agreeing to indemnify

only agreed to indemnify USSIC and pay the premiums for seventeen (17) of the 29 Surety Bonds. (*See* Appx., p. 867). The Five Disputed Bonds are not among the seventeen (17) Surety Bonds covered by the Formentera Indemnity Agreement. (*Id.*). Thus, taking all *well-pleaded* factual allegations in the Complaint as true, the Plaintiffs are not entitled to relief against Formentera. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 36 (1st Cir. 2001) (affirming trial court's decision to dismiss a plaintiff's declaratory judgment claim when the defendant provided a settlement agreement with its motion to dismiss that unambiguously foreclosed the plaintiff's claims); *Espenship v. Washington Mutual (In re Espenship),* Adv. No. 3:13-ap-558-PMG, 2014 WL 12951435, at *1 (Bankr. M.D. Fla. Sept. 26, 2014) (dismissing a complaint, which included a request for a declaratory judgment, because the documents considered by the court contradicted the plaintiff's position and made the plaintiff's position implausible on its face).

In an attempt to survive the Motion and bypass the Rule 12(b)(6) requirements, Plaintiffs focus on the dismissal standards under the Declaratory Judgment Act. *See Santan Crossing Pro. Plaza Condo. Ass'n v. Westfield Ins. Co.*, No. CV-20-00792-PHX-SPL, 2020 WL 4814345, at *3 (D. Ariz. Aug. 17, 2020) ("Plaintiff's 12(b)(6) argument is essentially an argument under the Declaratory Judgment Act and not a more traditional 12(b)(6) argument. This is important because the standards under Rule 12(b)(6), Rule 12(f), and the Declaratory Judgment Act are distinct.").[5]

---

USSIC and pay the premiums associated with the Five Disputed Bonds. There is no doubt that the Complaint references the Formentera Indemnity Agreement, and the agreement is central to Plaintiffs' claims against Formentera. Thus, the Court can consider the Formentera Indemnity Agreement in its Rule 12(b)(6) analysis.

[5] The primary cases relied upon by Plaintiffs, *Emps. Mut. Cas. Co. v. New Horizon Prod., LLC*, No. 1:09CV958, 2010 WL 11527385, at *7 (E.D. Tex. May 18, 2010), *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 386 (5th Cir. 2003), and *Wells Fargo Bank Minnesota v. Wachovia Bank*, No. CIV.A. 3:02-CV-1945-, 2004 WL 2826773, at *3 (N.D. Tex. Dec. 9, 2004) utilize a

Plaintiffs appear to argue that they do not need to sufficiently plead that Formentera is responsible for the Five Disputed Bonds, as long as the Plaintiffs plead that the Court may afford relief under the Declaratory Judgment Act. However, this ignores the fact that the Declaratory Judgment Act "'does not create a substantive cause of action' and 'is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law.'" *Campbell v. Barr*, No. 3:19-CV-1887-L-BH, 2021 WL 1522061, at *9 (N.D. Tex. Feb. 3, 2021), *report and recommendation adopted sub nom. Campbell v. Wilkinson*, No. 3:19-CV-1887-L, 2021 WL 821811 (N.D. Tex. Mar. 4, 2021) (citing other sources); *see also Fisher v. Beers*, No. CIV.A. 13-6632, 2014 WL 3497572, at *3 (E.D. La. July 14, 2014) ("[A] declaratory judgment is not a 'cause of action.'"); *Nat'l Util. Serv., Inc. v. Xanser Corp.*, No. 3:03-CV-0878-P, 2003 WL 22939107, at *6 (N.D. Tex. Dec. 1, 2003) (explaining that in a declaratory judgment action, "the complaint must stand or fall on its own merits and cannot be used as a vehicle for searching out and discovering a right of action.").

---

three-step inquiry articulated in *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) in situations where defendants argued that the courts (a) should not exercise their discretionary jurisdiction under the Declaratory Judgment Act (*Emps. Mut. Cas. Co.*); (b) should dismiss the suit based on the Anti–Injunction Act and "the principles of comity, federalism, and abstention" (*Sherwin-Williams Co.*); (c) should dismiss a defendant's declaratory judgment counterclaim because it was nothing more than a restatement of the defendant's defenses (*Wells Fargo Bank Minnesota*); and (d) should dismiss an action because no actual controversy existed as required by the Declaratory Judgment Act (*Orix*). These cases did not use the three-step *Orix* inquiry directly to consider a traditional Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cf. Nasheed v. Ocwen Loan Servicing, LLC*, No. 3:16-CV-1575-L, 2016 WL 4039165, at *4 (N.D. Tex. July 28, 2016) (applying the traditional Rule 12(b)(6) analysis to dismiss a declaratory judgment action); *NDK, Inc. v. Pandora Jewelry, LLC*, No. 3:07-CV-0457-P, 2008 WL 11350017, at *3 (N.D. Tex. Apr. 23, 2008) (dismissing declaratory judgment counterclaims under Rule 12(b)(6) because "[n]o 'plausible grounds' for recovery appears on the face of [counterclaimant's] pleading, even accepting [counterclaimant's] allegations as true."

A plaintiff proceeding under the Declaratory Judgment Act must state a *plausible underlying substantive claim* for relief. *See Pierson v. Ocwen Loan Servicing, LLC*, No. 3:15-CV-02314-N, 2017 WL 10110296, at *6 (N.D. Tex. June 22, 2017) ("[Plaintiff's] request for a declaratory judgment against the Defendants . . . fails because he has not alleged any underlying claim."); *Penney v. Deutsche Bank Nat'l Tr. Co.*, No. 16-CV-10482-ADB, 2017 WL 1015002, at *9 (D. Mass. Mar. 15, 2017) ("Requests for declaratory judgment are analyzed under the same Rule 12(b)(6) standard as all other counts in a complaint. Requests for declaratory judgment must plead sufficient facts showing the existence of rights to be clarified by declaratory judgment.") (citations omitted); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011), *aff'd by* 514 F. App'x 513, 2013 WL 657772 (5th Cir. 2013) (declining to entertain a plaintiff's request for declaratory judgment because the plaintiff had not pleaded a plausible substantive claim). Therefore, if Plaintiffs fail to state an underlying claim for relief against Formentera, their declaratory judgment claim must fail. For the reasons stated herein and in the Brief, Plaintiffs fail to *sufficiently* plead any facts that, if true, establish that Formentera is responsible for the Five Disputed Bonds. Because the Complaint is devoid of any well-pleaded facts that would entitle Plaintiffs to relief on their underlying claim against Formentera, the Complaint and Plaintiffs' claims under the Declaratory Judgment Act are insufficient under Rule 12(b)(6).

Nevertheless, even if the Court were to apply the *Orix* test, Plaintiffs' claim against Formentera is due to be dismissed for the same reasons set forth above and in the Brief. Plaintiffs fail to plead the existence of a justiciable controversy. A justiciable controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] *between parties having adverse legal interests*." *Orix*, 212 F.3d at 896 (emphasis added). Here, Plaintiffs have failed to plead an

actual controversy in the Complaint. As previously explained, the only allegation in the Complaint that purportedly establishes Formentera's obligations for the Five Disputed Bonds is one quote from the Sale Order, and Plaintiffs' interpretation of that quote is directly contradicted by both the language of the Sale Order and the Formentera Indemnity Agreement. Consequently, Plaintiffs' conclusory allegation in Paragraph 20 of the Complaint is not well pleaded and should not be taken as true for purposes of the Motion. For these reasons, Plaintiffs have failed to sufficiently plead the existence of any adverse legal interests between Plaintiffs and Formentera. Furthermore, as explained by USSIC in its *Brief in Support of U.S. Specialty Insurance Company's Motion (I) To Dismiss Under Rule 12(B)(1); (II) Alternatively, for Abstention; and (III) to Dismiss Under Rule 12(B)(6)* (AP Doc. 26), the Sale Order specifically provides:

> Nothing, including the Plan, the Confirmation Order, or this Sale Approval Order, shall affect, impair, alter, limit, release, or modify any rights of USSIC, including its rights under any of the Surety Bonds, the Indemnity Agreements, the New Indemnity Agreements, or any other applicable agreement, against Talco Petroleum LLC, White Marlin Operating, LLC, or White Marlin Petroleum, LLC in any way.

(Appx., p. 1065). Thus, even if Plaintiffs could prove that Formentera agreed to indemnify USSIC or pay premiums to USSIC in connection with the Five Disputed Bonds, the Sale Order specifically provides that nothing in the bankruptcy case affects or modifies USSIC's rights against Plaintiffs. This language reinforces the fact that Plaintiffs and Formentera do not have adverse legal interests sufficient to create a justiciable controversy for purposes of the Declaratory Judgment Act.[6] Therefore, Plaintiffs' claim against Formentera should be dismissed.

---

[6] Formentera does not dispute that there may be an actual controversy between Plaintiffs and USSIC, which presumably is why USSIC filed suit against WMOC in the United States District Court for the Southern District of Texas seeking payment of past due premiums and other costs associated with the Five Disputed Bonds. However, that dispute does not involve Formentera, and the Court should reject Plaintiffs' attempt to drag Formentera into that dispute.

For the reasons set forth above and in the Brief, Formentera requests that the Court (a) dismiss Plaintiffs' claim against Formentera in the AP with prejudice and (b) grant Formentera such other and further relief as the Court deems just and proper.

Respectfully submitted this the 19th day of June, 2023.

/s/ Evan N. Parrott
Tres Cleveland (admitted *pro hac vice*)
Evan N. Parrott (admitted *pro hac vice*)
Taylor W. Meek (Texas Bar I.D. No. 24100197)

*Counsel for Formentera Partners Fund I, LP*

**OF COUNSEL:**

**MAYNARD NEXSEN P.C.**
Taylor W. Meek
5949 Sherry Lane, Suite 820
Dallas, TX 75225
Telephone: (214) 239-2362
Email: TMeek@maynardnexsen.com

*and*

Tres Cleveland
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1000
Email: TCleveland@maynardnexsen.com

*and*

Evan N. Parrott
11 North Water Street
RSA Battle House Tower
Suite 24290
Mobile, AL 36602
Telephone: (251) 206-7449
Email: EParrott@maynardnexsen.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2023, a true and correct copy of the above Notice has been served electronically on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in the above-styled adversary proceeding.

*/s/ Evan N. Parrott*
OF COUNSEL